October 1, 2026

**<u>Via CM/ECF</u>**

The Honorable Anne Y. Shields
United States District Court
Eastern District of New York

**Re: *Rodriguez v. Dealertrack Systems, Inc.*, No. 2:24-cv-05084-NJC-AYS**

Dear Judge Shields:

Pursuant to the Court's September 14, 2026 Text-Only Scheduling Order, the parties respectfully submit this Joint Status Letter to (i) advise the Court on what discovery has been completed to date and (ii) propose a schedule for the discovery that remains before this action is ready for dispositive motion practice. The parties address these issues in turn below and will be prepared to discuss them further at the status conference scheduled for October 8, 2026.

## I. Discovery Completed to Date

### A. Plaintiff's Position

Discovery in this action has proceeded in two phases. At the parties' initial conference on November 19, 2024, the Court stayed class-wide discovery and directed the parties to focus solely on discovery concerning Plaintiff's own claims and standing. *See* Nov. 19, 2024 Text-Only Scheduling Order. When that initial phase closed on April 28, 2025, Dealertrack indicated that it would move for dispositive relief on standing grounds, and the Court renewed the stay of class discovery pending the outcome of that motion. *See* May 2, 2025 Text-Only Order. Class-wide discovery has accordingly been stayed, without interruption, from the outset of the case.

Plaintiff has already been subjected to extensive discovery on his individual claims. In January and February 2025, Plaintiff produced documents, answered Dealertrack's interrogatories, and responded to its requests for admission; in February and March 2025, Dealertrack deposed Plaintiff, his brother, and his work supervisor, and obtained declarations from three employees of Parkway Ford, each of whom Plaintiff deposed in April 2024. No further discovery directed at Plaintiff remains outstanding.

Dealertrack, by contrast, has done none of the corresponding work on Plaintiff's class claims. In December 2024, Plaintiff served RFPs and interrogatories concerning Dealertrack's class-wide OFAC policies and practices, but Dealertrack refused to produce anything in response to the large majority of those requests, citing the Court's stay of classwide discovery. Today, more than two years into this litigation, Dealertrack has not produced a single document, answered a single interrogatory, or sat for a single deposition that addresses Plaintiff's class claims, as opposed to just his individual claims.

On September 10, 2026, Judge Choudhury resolved Dealertrack's dispositive motion, holding that Plaintiff has standing to pursue the bulk of his class claims, including his core reasonable-

procedures claims for damages under the FCRA and NYFCRA. The premise for the discovery stay is accordingly gone, and class discovery is now open.

Because Dealertrack has yet to take any of the steps described above with respect to the class claims, Plaintiff believes class discovery should proceed on an expedited schedule, and he offers a proposed timeline below.

**B. Dealertrack's Position**

Plaintiff's position with respect to defensive discovery is misguided. Despite acknowledging that class discovery was, until very recently, stayed by order of the Court, Plaintiff casts aspersions, suggesting Dealertrack has "refused to produce" documents and demanding expedited discovery as a response to Dealertrack's supposed failure "to take any of the steps described above." That is unwarranted. Dealertrack discharged its obligations in compliance with the constraints this Court imposed on discovery—namely, bifurcating discovery such that the parties would focus on Plaintiff's individual claim before engaging in class discovery.

It is also incorrect for Plaintiff to claim that Dealertrack has not produced "a single document" pertaining to Plaintiff's class claims. To the contrary, Dealertrack provided Plaintiff with various documents that are broadly relevant to the use of Dealertrack F&I software—including the Dealertrack Compliance User Guide, the Dealertrack F&I Quick Reference Guide, and the terms and conditions—in addition to providing discovery specific to Plaintiff (e.g., screening results, dealership records, and documents relating to Plaintiff's interactions with RouteOne/NCC). In short, although Dealertrack deferred production of certain class-wide materials, its decision to do so was appropriate given the scope of the initial, individual discovery period. Following the Court's September 10, 2026 Order granting in part and denying in part Dealertrack's motion to dismiss for lack of standing, *see* ECF No. 62, Dealertrack acknowledges that class discovery may now proceed on the surviving claims and will fulfill its obligations to provide such discovery.

In addition to written discovery, the parties have taken six fact depositions. Plaintiff deposed three witnesses from Parkway Ford and Parkway Honda, including Ronald Cihon, Ryan Shear, and Michael Smith, regarding the facts relating to Plaintiff's vehicle purchase, OFAC searches, and clearance procedures. Dealertrack deposed Plaintiff on February 17, 2025[1] and took short depositions of Plaintiff's brother and supervisor.

---

[1] Plaintiff's deposition lasted for approximately four hours and fifty-two minutes on the record. The parties stipulated that Plaintiff's deposition would not exceed seven hours, with any unused time available for the potential class discovery phase.

Dealertrack disagrees with Plaintiff's assertion that there is no remaining discovery to take from Plaintiff. Plaintiff's written discovery responses, including his answers to Dealertrack's First Set of Interrogatories and Requests for Admission as well as his responses to Dealertrack's First Set of Requests for Production, contain deficiencies that have not been cured. Among other things, certain interrogatory responses are incomplete, several categories of document requests were not satisfied, and Plaintiff failed to respond to multiple requests for admission. Dealertrack does not seek to litigate these issues now but will confer with Plaintiff regarding the same.

Moreover, now that the Court has resolved Dealertrack's dispositive motion and the case is proceeding to class-wide discovery, Dealertrack is entitled to additional discovery directed at Plaintiff concerning issues relevant to class certification, including Plaintiff's adequacy and typicality as a putative class representative. Plaintiff's initial deposition was expressly limited to his individual claim; therefore, at a minimum, Dealertrack intends to complete its deposition of Plaintiff to explore topics relevant to class certification. Dealertrack also anticipates additional third-party discovery on class-wide issues and additional interrogatories and document requests directed at Plaintiff concerning individualized issues that preclude class treatment.

## II. Proposed Discovery Schedule

### A. Plaintiff's Position

Plaintiff proposes the following schedule for the fact and expert discovery that remain in this action. This schedule is designed to put Plaintiff in a position to move for class certification and, if appropriate, summary judgment, promptly upon the close of expert discovery. The schedule also includes interim deadlines related to Dealertrack's production of structured data related to the reports it produced on class members to ensure that the parties stay on track and can timely seek court intervention as needed.

| **Deadline** | **Date** |
|---|---|
| Dealertrack serves substantive supplemental responses to Plaintiff's previously served discovery requests. | October 29, 2026 |
| Dealertrack begins rolling document productions. Parties complete negotiations regarding Dealertrack's production of structured data. | November 19, 2026 |
| Parties either (i) inform the Court of agreement on production of structured data or (ii) submit proposed briefing schedule for any disagreements related to production of structured data. | November 30, 2026 |
| Dealertrack substantially completes document and data production in response to Plaintiff's previously served discovery requests. | January 15, 2027. |

| Deadline | Date |
|---|---|
| Dealertrack serves privilege log in response to Plaintiff's previously served discovery requests. | February 15, 2027 |
| Close of fact discovery. | May 27, 2027 |
| Plaintiff serves/files (i) motion for class certification and (ii) opening expert reports. | June 28, 2027 |
| Defendant serves/files (i) opposition to Plaintiff's motion for class certification and (ii) expert reports. | July 26, 2027 |
| Plaintiff serves/files (i) reply in support of class certification and (ii) rebuttal expert reports. | August 23, 2027 |
| Close of expert discovery. | September 30, 2027 |

**B. Dealertrack's Position**

Dealertrack submits that Plaintiff's proposed timeline is unreasonably compressed and fails to account for the complexity of class-wide discovery, including class-wide document production, additional depositions, a renewed deposition of Plaintiff regarding class certification issues, additional third-party discovery, and expert discovery. Plaintiff's proposed schedule is also largely one-sided—imposing a series of accelerated production deadlines on Dealertrack while making no provision for Dealertrack's affirmative discovery needs.

The parties have also scheduled a mediation of this case to take place in December 2026. Forcing Dealertrack to complete document and data production on the expedited schedule proposed by Plaintiff may divert the parties' resources from mediation. For the foregoing reasons, Dealertrack proposes the following schedule:

| Deadline | Date |
|---|---|
| The parties serve supplemental responses to previously served discovery requests. | November 9, 2026 |
| Close of fact discovery | July 22, 2027 |
| Plaintiff serves opening expert reports | August 23, 2027 |
| Defendant serves responsive expert reports | September 23, 2027 |

| Deadline | Date |
|---|---|
| Plaintiff serves rebuttal expert reports | October 15, 2027 |
| Completion of expert depositions | November 30, 2027 |
| Motion for class certification | January 5, 2028 |
| Opposition to class certification | February 17, 2028 |
| Reply to class certification | March 9, 2028 |
| Dispositive Motions | To be determined |

Respectfully submitted,

*/s/ Zachary M. Vaughan*
Zachary M. Vaughan
BERGER MONTAGUE PC
1001 G Street NW, Suite 400 East
Washington, DC 20001
Telephone: (215) 875-4602
zvaughan@bergermontague.com

E. Michelle Drake*
John G. Albanese*
Ariana B. Kiener*
BERGER MONTAGUE PC
1229 Tyler Street NE Street, Suite 205
Minneapolis, MN 55413
Telephone: (612) 594-5999
emdrake@bergermontague.com
jalbanese@bergermontague.com
akiener@bergermontague.com

Sophia M. Rios*
BERGER MONTAGUE PC
8241 La Mesa Blvd, Suite A
La Mesa, CA 91942
Telephone: (619) 489-0300
srios@bergermontague.com

* *admitted pro hac vice*

*/s/ Zachary A. McEntyre*
Zachary A. McEntyre*
John C. Toro*
Peter Starr
KING & SPALDING LLP
1180 Peachtree Street, N.E., Suite 1600
Atlanta, GA 30309
T: (404) 572-4600
F: (404) 572-5140
zmcentyre@kslaw.com
jtoro@kslaw.com
pstarr@kslaw.com

* *admitted pro hac vice*

*Attorneys for Plaintiff Angel Luis Rodriguez, Jr.*

*Attorneys for Defendant Dealertrack Systems, Inc.*

cc: All Counsel of Record via ECF